UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| JOSEPH GLAD,<br>              Plaintiff,<br><br>v.<br><br>MEDICARE/NOVITAS SOLUTIONS,<br>CENTERS FOR MEDICARE &<br>MEDICADE SERVICES (CMS),<br>US DEPARTMENT OF HEALTH AND<br>HUMAN SERVICES, and<br>C2C INNOVATIVE SOLUTIONS, INC.<br><br>              Defendant. | Civ. No. 19-13431<br><br>OPINION |

The complaints in these four consolidated actions all allege essentially the same thing. On November 28, 2018, the plaintiff, Mr. Glad, underwent surgery in the country of Morocco. He claimed reimbursement in the amount of $6390 from Medicare. Medicare denied his claim because, with irrelevant exceptions, it does not pay for medical expenses incurred abroad. Mr. Glad did not go through the full administrative review process and therefore failed to exhaust his administrative remedies before filing his lawsuit(s). This matter comes before the court on the motion of defendant Medicare/Novitas Solutions to dismiss this removed action. (DE 5; unless otherwise specified, citations to docket entries refer to 19cv13431). For the reasons stated herein, the motion is granted.

## I. Procedural Background

On May 6, 2019, Mr. Glad filed his original complaint against "Medicare/Novitas Solutions" in Superior Court, Hudson County. It seeks Medicare reimbursement for $6390 in medical expenses that he incurred in Morocco. Because defendant Novitas Solutions was a Medicare contractor,

1

acting under the Secretary of HHS, defendant removed the case to federal court. *See* 28 U.S.C. § 1442(a)(1). It was assigned Docket no. 19cv13431. It is in this action that the defendants filed the motion to dismiss for lack of jurisdiction that is now before the Court. (DE 5)

On June 11, 2019, Mr. Glad filed a second action in Hudson County Superior Court. This second complaint names as defendants "Centers for Medicare & Medica[id] Service (CMS)" and "US Department of Health & Human Services." It contains essentially the same allegations as the first complaint, but seeks additional damages for credit card interest and pain and suffering, bringing the total to $8290. This action, too, was removed to federal court, where it was assigned Docket no. 19cv13947. The only entry on that docket is the Notice of Removal, with the state court complaint and exhibits attached. (19cv13947 DE 1)

On June 14, 2019, Mr. Glad filed a third action, this time in the U.S. District Court for the District of New Jersey. (Docket no. 19cv13902) Like the first complaint, this one names as defendant "Novitas Solutions/Medicare." The allegations—that Mr. Glad had emergency surgery in Morocco, for which Medicare refused to pay—remain essentially the same. This third complaint, like the second, seeks $8290 in damages. A return of service was filed on August 29, 2019 (19cv13902 DE 6), but there has been no further activity in the case.

On July 19, 2019, Mr. Glad filed a fourth action, also in the U.S. District Court for the District of New Jersey. (Docket no. 19cv15647) This complaint names as defendant C2C Innovative Solutions, Inc. Again, the complaint alleges that Mr. Glad had emergency surgery in Morocco, for which reimbursement has been denied "after 3 diff. appeals." It seeks damages in the amount of $8440.

The plaintiff did not respond to the motion to dismiss, leaving the Court in something of a quandary as to the exhaustion issue. By order filed January 8, 2020, I granted the unopposed motion of the United States to consolidate these four actions for all purposes. (DE 14) Because the motion to dismiss had

been filed in only the first action, in an abundance of caution I entered an order to show cause in writing by January 18, 2020, as to whether administrative remedies had been exhausted in advance of the filing of the (now-consolidated) second, third, and fourth actions. (DE 15) The government responded by filing a letter and Declaration of David R. Weiner. (DE 17 & 17-1) As of this writing, the plaintiff has not responded to the order to show cause.[1]

## II. LEGAL STANDARD

The defendant has moved to dismiss for lack of jurisdiction under Rule 12(b)(1), citing the plaintiff's failure to exhaust administrative remedies. Particularly in the absence of an adversarial presentation, I am more than reluctant to accept the defendant's position. Recently, for example, the Supreme Court has held, for purposes of the Social Security Act, that 42 U.S.C. § 405(g) contains "two separate elements: first, a 'jurisdictional' requirement that claims be presented to the agency, and second, a 'waivable ... requirement that the administrative remedies prescribed by the Secretary be exhausted.'". *Smith v. Berryhill*, 139 S. Ct. 1765, 1773, 204 L. Ed. 2d 62 (2019) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 328, 96 S. Ct. 893 (1976)). As will be made clear *infra*, there is no doubt that the plaintiff "presented" his claim to the agency; the only issue is the latter one, *i.e.*, whether he exhausted administrative procedures.[2]

In an abundance of caution, then, I will review the government's motion, which is based on exhaustion of administrative remedies, under a Rule 12(b)(6)

---

[1] Magistrate Judge Mannion previously filed an order to show cause why sanctions should not be imposed for plaintiff's failure to appear and failure to prosecute his case. (DE 10, 11) Plaintiff failed to respond or appear on the return date. (Entry following DE 12)

[2] Section 405(g) is incorporated, for purposes of the Medicare Act, by 42 U.S.C. § 1395ii. *See also* 42 U.S.C. § 1395cc(h)(1)(A). I see no facial basis for treating the jurisdictional issue differently for purposes of Social Security and Medicare, but the government does not analyze the issue.

The government's primary citation for the proposition that exhaustion of remedies is jurisdictional is *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1 (2000). *Shalala*, however, is consistent with *Eldridge* and *Berryhill*; indeed, *Shalala* refers to the "nonwaivable and nonexcusable requirement that an individual *present* a

3

standard. A complaint may be dismissed under Rule 12(b)(6) if its allegations, taken as true, fail to plausibly state a cause of action. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009).

The Court in considering a Rule 12(b)(6) motion is confined to the allegations of the complaint, with narrow exceptions:

> "Although phrased in relatively strict terms, we have declined to interpret this rule narrowly. In deciding motions under Rule 12(b)(6), courts may consider "document[s] integral to or explicitly relied upon in the complaint," *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (emphasis in original), or any "undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document," *PBGC v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993)."

*In re Asbestos Products Liability Litigation (No. VI)*, 822 F.3d 125, 134 n.7 (3d Cir. 2016). The complaints explicitly and impliedly refer to the plaintiff's presentation of his claim, his appeals, and the rejection of the claim. Most of the factual discussion herein is based on copies of administrative decisions that the plaintiff attached to his complaint(s). The government, in response to an order to show cause inviting both sides' input, provided an update as to the status of the administrative proceedings. (DE 17) Even under a Rule 12(b)(6) standard, these matters are properly considered, not for the truth of any matters asserted therein, but merely for the existence or not of prior proceedings. *See* pp. 6–7 & nn. 5–7, *infra*.[3]

---

claim to the agency before raising it in court," and does not specifically refer to the *exhaustion* requirement in jurisdictional terms. *Id.* at 15 (emphasis added). I therefore set aside citations to older district court cases that treat the exhaustion issue as one of subject matter jurisdiction. *See, e.g., Schwartz v. Medicare*, 832 F. Supp. 782, 789 (D.N.J. 1993).

[3] Alternatively, the plaintiff was placed on ample notice that the court would be considering these documents, and the motion could be converted to one for summary judgment under Rule 12(d). Because the documents are properly considered under a 12(b)(6) analysis, however, that alternative procedure is not necessary.

4

## III. DISCUSSION

Exhaustion of administrative remedies is a prerequisite to the filing of a district court action seeking Medicare reimbursement. Defendants moved in the first action to dismiss the complaint because, at the time it was filed, Mr. Glad had not exhausted the administrative appeals process.[4] (That motion, although filed in the first action, refers to the intervening filing of the second action.) All four actions, however, are now consolidated. All four assert the same underlying claim, and I deem the motion to dismiss to apply to all four of these now-consolidated actions.

Title 42, United States Code, Section 405(g) is "the sole avenue for judicial review for all 'claim[s] arising under' the Medicare Act." *Heckler v. Ringer*, 466 U.S. 602, 615 (1984) (quoting *Weinberger v. Salfi*, 422 U.S. 749, 760-761 (1975)). Section 405(g) requires that a plaintiff first obtain a "final decision of the [Secretary]" before seeking review in federal court. The Medicare Act specifically bars court review of claims that have not been presented to and administratively exhausted before the Secretary. *See* 42 U.S.C. § 1395ii (incorporating 42 U.S.C. § 405(g)).

Mr. Glad's claim is one relating to hospitalization under Medicare Part A. The U.S. Department of Health & Human Services ("HHS"), Centers for Medicare & Medicaid Services ("CMS") administers that program, using private contractors for certain functions, including determinations of whether claims are eligible for payment, and the payment of claims out of Medicare Trust Funds. *See generally* 42 U.S.C. § 1395kk-1; 42 CFR §§ 421.100, 421.400.

---

[4] As noted above, the government responded to my Order to Show Cause by filing a Declaration of David R. Weiner. (DE 17-1) Mr. Weiner is an attorney in the Office of General Counsel of the U.S. Department of Health and Human Services ("HHS") Region II. As such, he is a qualified witness with knowledge as to whether an administrative proceeding was or was not filed, and whether it was resolved favorably or unfavorably to Mr. Glad. I rely on the Declaration only for those uncontroversial adjudicative facts, and not for the truth, or not, of the underlying factual contentions or issues in those proceedings.

5

The administrative review process for Medicare claims incorporates, *mutatis mutandis*, that of the Social Security Act. *See* 42 U.S.C. §§ 405, 1395ii. That administrative review process is as follows:

- A Medicare contractor makes an "initial determination." *See* 42 CFR §§ 405.920, 405.924(b)(1), (11).
- Within 120 days, a dissatisfied applicant may file with that contractor a first-level appeal, *i.e.*, a request for a redetermination. *See* 42 CFR §§ 405.940, 405.944(a).
- If the redetermination is not favorable, the applicant may within 180 days file a second-level appeal for reconsideration by a qualified independent contractor ("QIC"). *See* 42 CFR §§ 405.960, 405.962.
- If still dissatisfied, the applicant may within 60 days seek a third-level appeal, in the form of a hearing before an administrative law judge ("ALJ"). *See* 42 CFR §§ 405.978, 405.1000, 405.1002, 405.1006, 405.1014.
- The ALJ's decision is then reviewable *via* a request within 60 days for a fourth-level appeal to the Medicare Appeals Council ("MAC"). *See* 42 CFR § 405.1102(a).
- Only after the MAC issues a final order (which includes an order declining to review the matter) does the disposition become a final decision of the Secretary, entitling a still-dissatisfied party to bring an action in federal court. *See* 42 U.S.C. § 405(g); 42 CFR § 405.1130.

Here is the history of Mr. Glad's administrative appeals in relation to the dates of filing of his lawsuits:

- On May 6, 2019, Mr. Glad filed his first lawsuit.
- By letter dated May 15, 2015, Mr. Glad received a written negative initial determination. Novitas Solutions, a Medicare contractor, denied the claim, explaining that "Medicare law prohibits payment

6

for items and services furnished outside the United States except in certain limited circumstances" which did not apply.[5]
- At some point, Mr. Glad requested a first-level appeal, or redetermination, within Novitas.
- On June 11, 2019, Mr. Glad filed his second lawsuit.
- On June 14, 2019, Mr. Glad filed his third lawsuit.
- By letter dated June 19, 2019, Novitas informed Mr. Glad that his first-level appeal had been denied because Medicare does not cover the services he received in Morocco.[6]
- On July 12, 2019, Mr. Glad filed a second-level appeal to a Qualified Independent Contractor ("QIC"), C2C Innovative Solutions, Inc.[7]
- On July 19, 2019, Mr. Glad filed his fourth lawsuit, naming C2C as defendant, although C2C had not yet rendered a decision.
- On September 10, 2019, C2C issued an unfavorable reconsideration decision. The letter of denial advised Mr. Glad of his right to seek an ALJ hearing within 60 days. (Weiner Decl., DE 17-1 ¶ 7)
- No request for an ALJ hearing has been filed. (*Id.* ¶ 8)

This is where matters stand administratively: The second-level appeal has been denied, and there is no indication of a third-level appeal (ALJ hearing); or fourth-level appeal (MAC review) having been filed, let alone decided. *A fortiori*, there is no indication that Mr. Glad has obtained a final

---

[5] A copy of that initial determination letter is attached to the second, third, and fourth complaints. (*See* 19cv13947 DE 1-1; 19cv13902 DE 1 at 12; 19cv15647 DE 1-2 at 1.)

[6] A copy of this letter denying the first-level appeal is attached to Mr. Glad's fourth complaint. (*See* 19cv15647 DE 1-3 at 1) The existence of this denial is confirmed by Mr. Weiner's declaration. (DE 17-1 ¶¶ 4, 5)

[7] Mr. Glad does not state but implies that he made such a filing. The fourth complaint names as a defendant C2C Innovative Solutions, Inc., giving as an address "QIC Part A East Appeals." (19cv15647 DE 1 at 7). Mr. Weiner's declaration confirms that on July 12, 2019, Mr. Glad filed a second-level appeal with the QIC. (DE 17-1 ¶ 6)

7

decision of the Secretary, reviewable in Court. His failure to do so before filing suit necessarily implies that the Court cannot hear his claim at this time. That failure to exhaust applies in blanket fashion to these four consolidated actions, and requires that they be dismissed.

## CONCLUSION

For the foregoing reasons, the defendants' motion dismiss the complaint for failure to exhaust administrative remedies is GRANTED, and the complaints in all four of these consolidated actions are DISMISSED. The clerk shall close the file.

Dated: January 22, 2020

_____
**Kevin McNulty**
**United States District Judge**